Hearing Date: January 13, 2011
Hearing Time: 10:30 a.m.
Location: 219 S. Dearborn St., Courtroom 744
Chicago, IL 60604

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | |
|---|---|
| In re: | §         Chapter 7 |
| | § |
| ZIMMERMAN, STEVEN A | §      Case No. 10-14226 |
| KOPINSKI-ZIMMERMAN, CHRISTINA M | § |
| | §         Hon. Pamela S. Hollis |
| Debtors | § |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
      . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $

     Funds were disbursed in the following amounts:

     Payments made under an interim disbursement
     Administrative expenses
     Other payments to creditors
     Non-estate funds paid to 3rd Parties
     Exemptions paid to the debtor
     Other payments to the debtor

     Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (10/1/2010) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_, for total expenses of $\_\_\_\_.

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/Joseph A. Baldi, Trustee_____
                                                       Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (10/1/2010) *(Page: 2)*

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 1

Exhibit A

| Case No: | 10-14226 | PSH | Judge: Pamela S. Hollis | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|
| Case Name: | ZIMMERMAN, STEVEN A | | | Date Filed (f) or Converted (c): | 03/31/10 (f) |
| | KOPINSKI-ZIMMERMAN, CHRISTINA M | | | 341(a) Meeting Date: | 05/24/10 |
| For Period Ending: | 11/01/10 | | | Claims Bar Date: | 09/22/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 18307 SE 16th St. Vancouver, WA 98683 | 225,000.00 | 0.00 | | 0.00 | FA |
| 2. Cash in wallets | 150.00 | 0.00 | | 0.00 | FA |
| 3. TCF Bank | 4,700.00 | 4,500.00 | | 4,500.00 | FA |
| Pursuant to order 7/22/10, Trustee recovered the proceeds of the settlement of the cause of action (see asset 12). From those proceeds, Trustee paid the Debtor her claimed exemption in the cause of action, less the nonexmpt proceeds of this bank account | | | | | |
| 4. TCF Bank | 2,430.00 | 2,230.00 | | 2,230.00 | FA |
| Pursuant to order 7/22/10, Trustee recovered the proceeds of the settlement of the cause of action (see asset 12). From those proceeds, Trustee paid the Debtor her claimed exemption in the cause of action, less the nonexmpt proceeds of this bank account | | | | | |
| 5. Security Deposit for 4230G N. Whipple St. | 1,500.00 | 0.00 | | 0.00 | FA |
| 6. washer/dryer, powerbook G4 lapop, imac g5, kitchen | 5,000.00 | 0.00 | | 0.00 | FA |
| 7. used college textbooks, leisure reading | 300.00 | 0.00 | | 0.00 | FA |
| 8. men's, women's, and children's clothes | 200.00 | 0.00 | | 0.00 | FA |
| 9. engagement ring, wedding bands | 750.00 | 0.00 | | 0.00 | FA |
| 10. frisbees, baseball gloves | 20.00 | 0.00 | | 0.00 | FA |
| 11. 529 Plan for daughter | 3,000.00 | 0.00 | | 0.00 | FA |
| 12. Possible cause of action against former employer f | 0.00 | 13,065.00 | | 33,270.00 | FA |
| Pursuant to order dated 7/22/10 compromising this cauase of action, Trustee recovered $40,000 less applicable withholding. Debtor has 75% exemption under Washington law and agreed to pay a portion of exempt funds to reimburse estate for non-exempt bank accounts not turned over on filing. | | | | | |
| 13. 2003 Saturn Ion Coupe | 2,900.00 | 0.00 | | 0.00 | FA |
| 14. 2005 Saturn Vue | 5,500.00 | 0.00 | | 0.00 | FA |

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 10-14226 | PSH | Judge: Pamela S. Hollis | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|---|
| Case Name: | ZIMMERMAN, STEVEN A | | | Date Filed (f) or Converted (c): | 03/31/10 (f) |
| | KOPINSKI-ZIMMERMAN, CHRISTINA M | | | 341(a) Meeting Date: | 05/24/10 |
| | | | | Claims Bar Date: | 09/22/10 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) Abandon DA=554(c) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 15. desk, printer | 150.00 | 0.00 | | 0.00 | FA |
| 16. 2 dogs | 0.00 | Unknown | | 0.00 | FA |
| 17. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.63 | Unknown |

|  |  |  |  | Gross Value of Remaining Assets |
|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $251,600.00 | $19,795.00 | $40,000.63 | $0.00 |
| | | | | (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Initial Projected Date of Final Report (TFR):  / /       Current Projected Date of Final Report (TFR):  / /

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 1

Exhibit B

| | |
|---|---|
| Case No: 10-14226 -PSH | Trustee Name: Joseph A. Baldi, Trustee |
| Case Name: ZIMMERMAN, STEVEN A | Bank Name: Bank of America, N.A. |
| KOPINSKI-ZIMMERMAN, CHRISTINA M | Account Number / CD #: *******6448 Money Market Account (Interest Earn |
| Taxpayer ID No: *******2446 | |
| For Period Ending: 11/01/10 | Blanket Bond (per case limit): $ 5,000,000.00 |
| | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C  08/13/10 | 3, 4, 12 | CLARK COLLEGE<br>1933 Fort Vancouver Way<br>Vancouver, WA 98663-3598 | SETTLEMENT | | 26,940.00 | | 26,940.00 |
| | | CLARK COLLEGE | Memo Amount:  40,000.00 | 1129-000 | | | |
| | | | SETTLEMENT | | | | |
| | | WASHINGTON STATE | Memo Amount:  ( 13,060.00 ) | 2820-000 | | | |
| | | | State and Federall W/H Taxes | | | | |
| C  08/31/10 | 17 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.30 | | 26,940.30 |
| C t  08/31/10 | | Transfer to Acct #*******6477 | Bank Funds Transfer | 9999-000 | | 13,475.00 | 13,465.30 |
| | | | Tranfer funds to pay Debtor's exemption. | | | | |
| C  09/30/10 | 17 | Bank of America, N.A. | Interest Rate  0.030 | 1270-000 | 0.33 | | 13,465.63 |

\* Reversed
t Funds Transfer
C Bank Cleared

Memo Allocation Receipts:  40,000.00
Memo Allocation Disbursements:  13,060.00

Memo Allocation Net:  26,940.00

| | | | | | | |
|---|---|---|---|---|---|---|
| Account *******6448 | | Balance Forward | 0.00 | | | |
| | 1 | Deposits | 26,940.00 | 0 | Checks | 0.00 |
| | 2 | Interest Postings | 0.63 | 0 | Adjustments Out | 0.00 |
| | | Subtotal | $ 26,940.63 | 1 | Transfers Out | 13,475.00 |
| | | | | | Total | $ 13,475.00 |
| | 0 | Adjustments In | 0.00 | | | |
| | 0 | Transfers In | 0.00 | | | |
| | | Total | $ 26,940.63 | | | |

FORM 2

Page: 2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 10-14226 -PSH | | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|
| Case Name: | ZIMMERMAN, STEVEN A | | Bank Name: | Bank of America, N.A. |
| | KOPINSKI-ZIMMERMAN, CHRISTINA M | | Account Number / CD #: | *******6477 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******2446 | | | |
| For Period Ending: | 11/01/10 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| C t  08/31/10 | | Transfer from Acct #*******6448 | Bank Funds Transfer  Tranfer funds to pay Debtor's exemption. | 9999-000 | 13,475.00 | | 13,475.00 |
| C   08/31/10 | 001001 | Christina Kopinski-Zimmerman  4230 N. Whipple Street   Apt 2-G  Chicago   IL 60618 | Debtor's Exemption  Per Court Order dtd 7-22-10  Debtor's exemption of $20,205.00 less payment for non exempt bank accounts of $6,730.00 retained by estate per court order | 8100-002 | | 13,475.00 | 0.00 |

\* Reversed
t  Funds Transfer
C  Bank Cleared

Memo Allocation Receipts:       0.00
Memo Allocation Disbursements:  0.00

Memo Allocation Net:            0.00

| Account *******6477 | Balance Forward | 0.00 | | | |
|---|---|---|---|---|---|
| 0 | Deposits | 0.00 | 1 | Checks | 13,475.00 |
| 0 | Interest Postings | 0.00 | 0 | Adjustments Out | 0.00 |
| | Subtotal | $ 0.00 | 0 | Transfers Out | 0.00 |
| 0 | Adjustments In | 0.00 | | Total | $ 13,475.00 |
| 1 | Transfers In | 13,475.00 | | | |
| | Total | $ 13,475.00 | | | |

UST Form 101-7-TFR (10/1/2010) *(Page: 6)*

LFORM2T4

Ver: 16.00a

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 3

Exhibit B

| Case No: | 10-14226 -PSH | | Trustee Name: | Joseph A. Baldi, Trustee |
|---|---|---|---|---|
| Case Name: | ZIMMERMAN, STEVEN A | | Bank Name: | Bank of America, N.A. |
| | KOPINSKI-ZIMMERMAN, CHRISTINA M | | Account Number / CD #: | *******6477 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******2446 | | | |
| For Period Ending: | 11/01/10 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | Report Totals | Balance Forward | | 0.00 | | |
| Total Allocation Receipts: | 40,000.00 | 1 | Deposits | | 26,940.00 | 1 Checks | 13,475.00 |
| Total Allocation Disbursements: | 13,060.00 | 2 | Interest Postings | | 0.63 | 0 Adjustments Out | 0.00 |
| | | | | | | 1 Transfers Out | 13,475.00 |
| Total Memo Allocation Net: | 26,940.00 | | Subtotal | $ | 26,940.63 | | |
| | | 0 | Adjustments In | | 0.00 | Total | $ 26,950.00 |
| | | 1 | Transfers In | | 13,475.00 | | |
| | | | Total | $ | 40,415.63 | Net Total Balance | $ 13,465.63 |

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 10-14226
Case Name: ZIMMERMAN, STEVEN A
          KOPINSKI-ZIMMERMAN, CHRISTINA M
Trustee Name: Joseph A. Baldi, Trustee

            Balance on hand                                            $

    Claims of secured creditors will be paid as follows:

                                NONE

    Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: BALDI BERG & WALLACE, LTD. | $ | $ | $ |

        Total to be paid for chapter 7 administrative expenses      $_____
        Remaining Balance                                            $_____

    Applications for prior chapter fees and administrative expenses have been filed as follows:

                                NONE

        In addition to the expenses of administration listed above as may be allowed by the Court,
priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

        Allowed priority claims are:

                                NONE

      The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

      Timely claims of general (unsecured) creditors totaling $_____ have been allowed and will be paid <u>pro</u> <u>rata</u> only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be _____ percent, plus interest (if applicable).

      Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Discover Bank | $ | $ | $ |
| 000003 | PYOD LLC its successors and assigns as assignee of | $ | $ | $ |
| 000004 | Chase Bank USA, N.A. | $ | $ | $ |
| 000006 | 1st Security Bank of Washington | $ | $ | $ |
| 000007 | GE Money Bank | $ | $ | $ |
| 000008 | Fia Card Services, NA/Bank of America | $ | $ | $ |
| 000009 | Fia Card Services, NA/Bank of America | $ | $ | $ |
| 000010 | Fia Card Services, NA/Bank of America | $ | $ | $ |
| 000011 | Chase Bank USA NA | $ | $ | $ |
| 000012 | Chase Bank USA NA | $ | $ | $ |

      Total to be paid to timely general unsecured creditors    $_____

      Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE